## In Re Anonymous No. 26 D.B. 74

Disciplinary Board Docket no. 26 D.B. 74

To the Honorable Chief Justice and Justices of The Supreme Court of Pennsylvania.

DANIELS, *Member*, August 30, 1982—Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania submits its following findings and recommendations to your hon-

orable court with respect to the above petition for reinstatement.

## I. HISTORY OF PROCEEDINGS

On July 2, 1975, the Supreme Court of Pennsylvania suspended petitioner from the practice of law in the Supreme Court and all the courts of Pennsylvania for a period of three months. (No. 26 D.B. 1974). The order of suspension was based upon the May 20, 1975 report and recommendation of the Disciplinary Board of the Supreme Court of Pennsylvania that respondent be suspended from the practice of law as a result of a hearing committee finding that respondent violated D.R.6-101(A)(3), involving neglect of a legal matter entrusted to him. The charge against respondent arose out of a complaint filed on August 20, 1974 by the office of Disciplinary Counsel in connection with a matter involving one [A], who retained respondent to file a personal injury lawsuit because of injuries suffered by [A] in a fall. Respondent filed a praecipe for writ of summons in trespass but failed to file a complaint after being ruled by defendant to do so. As a result of respondent's failure, a judgment of non pros was entered against plaintiff. Respondent failed to answer the petition for discipline or appear at the November 5, 1974 hearing scheduled on the [A] complaint. Thus, the three-month period of suspension.

Prior to the imposition of petitioner's three-month period of suspension he had had other encounters with the Disciplinary Board, resulting in a private reprimand being administered on February 28, 1974 and an informal admonition being administered on May 20, 1975. The underlying problem relating to the various petitions for discipline that

were initiated against petitioner was his admitted addiction to alcohol. As a consequence of the same and until such time as petitioner felt that he had overcome his alcohol addiction, petitioner did not file the instant petition for reinstatement until May 4, 1981, almost six years from the time that his three-month period of suspension had been imposed.

Following a hearing before hearing committee [ ] in connection with the instant petition for reinstatement, that hearing committee filed its initial report with the Disciplinary Board of the Supreme Court of Pennsylvania on December 18, 1981, denying petitioner's petition for reinstatement. Petitioner filed exceptions to such denial and, subsequently, oral argument was held before a three-member panel of the Disciplinary Board of the Supreme Court of Pennsylvania on March 11, 1982 to consider petitioner's exceptions. Following such oral argument, the Disciplinary Board of the Supreme Court of Pennsylvania, per its Chairman, Dennis C. Harrington, Esq., issued an order, on March 19, 1982, remanding the matter to hearing committee [ ], ordering that reconvened proceedings be scheduled pursuant to Rule of Disciplinary Board 89.253, in order that the record might be supplemented and additional evidence might be received relating to the factual considerations germane to the instant petition for reinstatement to the practice of law before the Supreme Court of Pennsylvania.

A reconvened hearing was in fact conducted on April 23, 1982 by hearing committee [ ], pursuant to the March 19, 1982 order of the Disciplinary Board, and additional evidence was received on the matters enumerated in the remand order. After receiving such additional evidence of record, hearing

committee [ ] issued its report on remand of record, which was filed with the Disciplinary Board of the Supreme Court of Pennsylvania on June 4, 1982, recommending that the petition for Reinstatement of [Petitioner] to the Bar of the Supreme Court of Pennsylvania be granted.

For the reasons set forth hereinafter, the Disciplinary Board of the Supreme Court of Pennsylvania, upon consideration of the report on remand of record of hearing committee [ ] and after a thorough and extensive review of the entire record, hereby adopts the following findings of fact and conclusions of law of the hearing committee and recommends that the instant petition for reinstatement be granted.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### FINDINGS OF FACT

1. After conclusion of the July 8, 1981 reinstatement hearing, petitioner negotiated a $3,000 settlement of the legal malpractice action filed against him by [A] who had obtained a judgment by default against petitioner for $8,748 in the Court of Common Pleas of [ ] County at no. [ ].

2. In consideration of the aforesaid $3,000 settlement payment, [A] gave petitioner a release dated January 28, 1982 regarding all liability arising out of the malpractice action filed at no. [ ] (Petitioner's Exhibit 11).

3. On March 9, 1982 the [A] judgment was satisfied of record in the Office of the Prothonotary of [ ] County (Petitioner's Exhibit 12).

4. In the spring of 1977, petitioner became aware of his addiction to alcohol and as a result began attending Alcoholics Anonymous meetings throughout the remainder of 1977 and into 1978.

5.  Petitioner studied the principles of Alcoholics Anonymous and began the process of achieving total abstinence from alcohol during his participation in the meetings.

6.  Witnesses for petitioner, [B], [C], [D], and [E], testified that to their personal knowledge, petitioner has cured himself of alcoholism and has abstained from the use of alcohol for the past several years.

7.  Witnesses [D] and [B], both members of the Bar of Pennsylvania, testified that since petitioner's suspension from the practice of law, they had discussed legal matters with petitioner and have secured gratuitous legal opinions from him which they believed to be competent and reliable.

8.  [C], an elected District Judge in the City of [   ] for the past 12 years, testified that he has secured gratuitous legal advice from petitioner on many occasions which assisted [C] in the performance of his magisterial duties.

9.  Since his suspension, petitioner has regularly read legal periodicals, particularly the [   ] Legal Journal and Pennsylvania Researcher, in an effort to maintain his legal competency in the law, with special emphasis in the field of coal mining law.

10.  Petitioner is consulted by other attorneys to provide them assistance in legal matters related to the coal mining industry, and recently petitioner was requested to develop the measure of damages in a lawsuit involving underground mining techniques.

11.  Petitioner's Exhibit No. 21 represents the reproduced record in the case of [F] Fuels, Inc. v. [G] Coal Corp., which contains pleadings and record contents prepared by petitioner, who also wrote the brief submitted to the Superior Court on behalf of [F] Fuels, Inc.

12.  The lawsuit filed by [F] Fuels, Inc. arose out

of a contract dispute and was settled before final disposition by the Superior Court.

13. Petitioner has been required to perform legal research in rendering assistance to other attorneys as well as in handling legal matters related to [F] Fuels, Inc., a company owned by petitioner and his wife.

## CONCLUSIONS OF LAW

1. Petitioner has demonstrated by clear and convincing evidence that he has the moral qualifications and competency and learning in the law to resume the practice of law in Pennsylvania.

2. Petitioner's resumption of the practice of law will not be detrimental to the integrity and standing of the Bar or administration of justice, and will not be subversive of any public interest.

## III DISCUSSION

Petitioner has the burden of demonstrating by clear and convincing evidence that he has the moral qualifications and the competency and learning in law required for admission to practice in this Commonwealth. In addition, he must prove that his resumption of practice will be neither detrimental to the integrity and standing of the Bar or the administration of justice or subversive of the public interest. (Rule 218(c)(3)(i) of the Pennsylvania Rules of Disciplinary Enforcement). We are satisfied that petitioner has met this burden.

Petitioner has demonstrated through the testimony of numerous character witnesses, as well as by the testimony of his wife, [   ], and himself, that he possesses the requisite moral qualifications to be readmitted to the practice of law in this Commonwealth. He has successfully completed training

with Alcoholics Anonymous and has subscribed to and has and continues to subscribe to the tenets of that Association. His abstinence from the use of alcohol has been demonstrated beyond peradventure in the record of this reinstatement proceeding. He has maintained his family unit intact, provided for their support and maintenance through the lengthy period of his suspension from the practice of law and continues to be a well respected member of his community.

Petitioner's competency and learning in the law is clear and unchallenged. He was an honor graduate from [ ] University School of Law in 1961, was highly regarded as a candidate for judicial office, when he ran for the Court of Common Pleas of [ ] County in 1973, by both a poll of the [ ] County Bar Association and analysis by the [ ] County media, and continues to be highly regarded and respected by members of the Bar of Pennsylvania who continue to consult with and discuss legal matters with petitioner, particularly in the area of coal mining law, in which field petitioner, in light of his background, training and continued business experience and contacts, has a particular familiarity and expertise. Moreover, petitioner has continued to read legal periodicals and to keep himself abreast of the changing developments in the law over the past six years in many other aspects. There can be little question but that petitioner is indeed sufficiently learned in the law and possesses the legal competency to resume the practice of law in the Commonwealth of Pennsylvania.

Finally, it should be noted that the Office of Disciplinary Counsel has taken no exception to, nor has it raised any objection whatsoever to, the report of hearing committee [ ] on remand of record recommending the reinstatement of [Petitioner] to the

practice of law in the Commonwealth of Pennsylvania.

In light of all of the foregoing, the Disciplinary Board of the Supreme Court of Pennsylvania makes the following recommendation.

## IV RECOMMENDATION

For all of the reasons set forth above, the Disciplinary Board of the Supreme Court of Pennsylvania respectfully recommends to the Supreme Court of Pennsylvania that the instant Petition for Reinstatement of [Petitioner] to the practice of law in the Commonwealth of Pennsylvania be granted by your honorable court, and that the court direct that all necessary expenses incurred by this board in the investigation and processing of the instant petition for reinstatement be borne and paid for by said petitioner.

## ORDER

O'BRIEN, *C.J.*, And now, October 15, 1982, the recommendation of the Disciplinary Board dated August 30, 1982, is accepted and the petition for reinstatement is granted.

The expenses incurred by the board in the investigation and processing of the petition for reinstatement shall be paid by petitioner.